**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MONTY CLAY, individually and as
next friend of J.C.C. and J.M.C., and as
personal representative of the
ESTATE OF AMY CLAY, et al.,

    Plaintiffs,

v.                                      Case No. 6:14-cv-235-Orl-36-GJK

AIG AEROSPACE INSURANCE
SERVICES, INC., et al.,

    Defendants.

_____/

**DEFENDANTS AIR-TEC, INC.'S AND WILLIAMSON AIRCRAFT, INC.'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO STAY PROCEEDINGS; AND TO STAY DISCOVERY
PENDING RESOLUTION OF SAID MOTION**

        Defendants Air-Tec, Inc. ("Air-Tec") and Williamson Aircraft, Inc. ("Williamson"), by and through their undersigned counsel, move to dismiss the instant action under Rules 12(b)(7) and 19(b), Federal Rules of Civil Procedure. Defendant Air-Tec sold the engine to Dale L. Phillips, Jr. The engine was delivered to Carroll Aviation, Inc., a Texas corporation. Carroll Aviation personnel installed the engine onto Mr. Phillips, Jr.'s airplane and Carroll Aviation invoiced Mr. Phillips, Jr. accordingly. Plaintiffs excluded from this lawsuit Carroll Aviation, Inc. and the Airframe & Powerplant ("A&P") mechanic(s) who installed the parts on the ill-fated aircraft and certified its installation in the aircraft's airframe and engine logbooks. As a result, Plaintiffs failed to join parties indispensible to the instant action. Carroll Aviation, Inc. is a Texas corporation and most likely the A&P mechanic(s) also reside in Texas, thus removing this Court's ability to hear the matter for lack of subject-matter jurisdiction. It is specifically the parts sold by Air-Tec to Dale L. Phillips, Jr., installed by Carroll Aviation, that Plaintiffs allege failure and resulting in the crash and death of Mr.

Phillips, Jr. and passenger Amy Clay. Under Rule 19, Federal Rules of Civil Procedure, parties must be joined where their interests relate to the subject matter of the action such that its disposition may "as a practical matter impair or impede the person's ability to protect that interest." In filing this civil action, Plaintiffs chose to ignore and exclude the possibility that parts failed through negligent installation, maintenance, or both. Further, it appears unlikely that this Court can obtain personal jurisdiction over Carroll Aviation, Inc., a Texas corporation for which its right to transact business appears to have ended in 2010, and the Texas mechanic(s) who installed the allegedly defective parts. Plaintiffs' failure to include Carroll Aviation and the A&P mechanic(s) results in this Court's inability to perform substantial justice.

Defendants also move this Court to dismiss, or in the alternative stay, Plaintiffs' civil action because a pending Texas state court action warrants this Court's abstention under *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976), to allow for the development of a comprehensive record. Defendants Williamson and Air-Tec also move this Court to stay discovery pending resolution of the instant Motion.

The pending state action, Cause No. 2013-215, 402d Judicial District Court, Wood County, Texas, *see* doc. 19, provides an adequate platform to litigate and adjudicate fully the claims of the parties and other matters in controversy. The underlying Texas action, filed April 17, 2013, provides an adequate forum for resolution of the underlying facts relevant to the issues in the federal action now before this Court. Alternatively, Defendants move this Court to stay the instant civil proceedings pending final and complete resolution of all claims and matters in controversy in the pending state court action.

Under *Colorado River*, this Court holds discretionary power to stay or dismiss the federal civil action in deference to the state court action in which all necessary parties, relevant factual issues, and matters in controversy may be fully litigated. Neither the Texas civil action nor the instant federal civil action include all necessary parties. Excluded from both Texas and federal civil actions are Carroll Aviation, Inc. and the mechanics who installed the allegedly defective parts. Also excluded from the Texas action are Ruhe Sales, Inc., an Ohio corporation, Bob Ruhe AG Service, Inc., an Ohio corporation, and Eric Ruhe and Marilyn Ruhe, both Ohio residents. However, the Texas civil action appears on track for trial in just a few months. Therefore, it appears prudent

for this Court to abstain, via dismissal or stay of the instant action, until a well-developed factual record can be established in the pending Texas litigation.

As set forth in the accompanying Memorandum, dismissal or stay of this federal civil action at an early stage will avoid unnecessary duplicative and piecemeal litigation in deference to an available and adequate state court forum.

Dated June 6, 2014.

Respectfully submitted,

/s David H. Abrams
DAVID H. ABRAMS, ESQ.
Florida Bar No.: 95499
Office: 200 N. Thornton Avenue, Orlando, FL 32801
Mailing: P.O. Box 951905, Lake Mary, FL  32795-1905
Telephone:  (407) 385-0529
Facsimile:  (480) 393-5487
Email: david@dabramslaw.com
  Alt: david_abrams@yahoo.com
Attorney for Defendants WILLIAMSON AIRCRAFT, INC. & AIR-TEC, INC.
Trial Counsel

R. PATRICK PHILLIPS, ESQ.
Florida Bar No.: 201812
200 N. Thornton Avenue, Orlando, FL 32801
Telephone:  (407) 425-7676
Facsimile:  (407) 425-7679
Email: pat.phillips@patphillipslaw.com
Attorney for Defendants WILLIAMSON AIRCRAFT, INC. & AIR-TEC, INC.
Trial Counsel

## LOCAL RULE 3.01(g) CERTIFICATE

I hereby certify that, on June 6, 2014, I conferred with Matthew Mokwa, one of the attorneys representing Plaintiffs in this action, who stated that Plaintiffs would consider agreeing to a stay of the federal action, with definitive answer coming later, but that Plaintiffs would be opposed to a dismissal of this action.

/s David H. Abrams
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will electronically serve all counsel of record.

/s David H. Abrams
Attorney